UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 7

XIANG YONG GAO,                                      Case No. 14-42722-nhl

                       Debtor.
------------------------------------------------------------x
GREGORY MESSER, CHAPTER 7 TRUSTEE
THE ESTATE OF XIANG YONG GAO

                       Plaintiff,                     Adv. Pro. No. 15-01059-nhl

      - against -

XIANG YONG GAO,

                       Defendant.
------------------------------------------------------------x

## DECISION ON SUMMARY JUDGMENT

Appearances:

| | |
|---|---|
| Gary Herbst, Esq., & | Yimin Chen, Esq. & |
| Nicholas Rigano, Esq. | Michael Talassazan, Esq. |
| LaMonica Herbst & Maniscalco, LLP | Law Offices of Chen & Associates |
| 3305 Jerusalem Ave. Ste. 201 | 39-15 Main Street, Suite 502 |
| Wantagh, NY 11793 | Flushing, NY 11354 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

NANCY HERSHEY LORD
UNITED STATES BANKRUPTCY JUDGE

Plaintiff, Gregory Messer ("Trustee"), Chapter 7 Trustee of the Estate of Xiang Yong Gao ("Gao" or "Debtor"), brought this adversary proceeding seeking to deny the Debtor a discharge pursuant to § 727(a)(4)(A), §727 (a)(4)(D), §727(a)(3), and §727(a)(6)(C), and now moves for summary judgment on those claims.[1]

The Trustee bases his claims on the assertion that the Debtor concealed the fact that he previously owned a 5% interest ("5% Interest") in 136-33 37th Avenue LLC ("37th Avenue Realty LLC"). The Debtor omitted any mention of the 5% Interest from his statement of financial affairs ("SOFA") and twice denied having held such an interest at a Rule 2004 examination.

After being confronted with documents demonstrating that the Debtor did own the 5% Interest, the Debtor now asserts that he held legal title only, and that the equitable interest was held by his friend Zhengzhou Chen ("Mr. Chen").

Because the Debtor's assertion that he held only legal title to the 5% Interest is supported only by his own self-serving affidavit, and for reasons fully explained in this opinion, the Trustee's motion is granted and the Debtor shall be denied a discharge in his bankruptcy case.

**Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1), and the Eastern District of New York Standing Order of Reference dated August 28, 1986, as amended by Order dated December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

---

[1] All statutory references are to 11 U.S.C. et seq., and all references to "Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

**Background**

In the schedules accompanying the Debtor's bankruptcy petition, he listed no real property, and personal property valued at $57,078. Petition, ECF No. 1, Case No. 14-42722.[2] At a Rule 2004 examination conducted on August 22, 2014 ("Rule 2004 Examination"), the Debtor was twice asked if had ever held an interest in 37th Avenue Realty LLC, and twice the Debtor responded in the negative. Complaint Ex. B, at 6, 7, ECF No. 1-2.

After conducting the Rule 2004 Examination, the Trustee obtained documents, including an LLC membership certificate and the Debtor's personal tax returns ("Documentary Evidence"), which showed that the Debtor owned the 5% Interest until May 31, 2012, when he transferred it to AE & LY Holdings LLC ("AE & LY") for contract consideration in the amount of $870,000. Trustee's R. 7056-1 Stat. Ex. 5, at ¶ 6, ECF No. 9-5; Rep. Mem. of Law Ex 6, at 4–5, 8–9, 12, ECF No. 13-2. In light of the Documentary Evidence, the Trustee sought to continue the Rule 2004 Examination, but the Debtor refused to attend. R.7056-1 Stat. 11 ¶¶ 59–61, ECF No. 9.[3]

The Debtor does not dispute the authenticity of the Documentary Evidence showing he was the owner of the 5% Interest. Rather, the Debtor asserts that he held only legal title to the 5% Interest and that the equitable interest was held by Mr. Chen, who the Debtor asserts asked him to hold legal title because Mr. Chen did not have "legal status." Aff. of Xiang Yong Gao 1, ECF No. 82-1, Case No. 14-42722; Aff. in Opp. 2, ECF No. 82, Case. No. 14-42722.[4] The Debtor claims that Mr. Chen cannot be found because he has left the country for China. Gao Aff.

---

[2] References to ECF are to documents filed in this adversary proceeding, identified by document number; references to documents filed in other proceedings are indicated with alternate case numbers.

[3] The Debtor has not contested the Trustee's Rule 7056-1 Statement, hence the facts contained therein are deemed admitted. *See* Local Bankruptcy Rule 7056-1.

[4] The Debtor's opposition to the instant motion was filed on the docket of the Debtor's bankruptcy case.

2, ECF No. 82-1, Case No. 14-42722. No documents of any kind have been produced indicating that Mr. Chen was the equitable owner of the 5% Interest, or that Mr. Chen even exists at all..

## Legal Standard

Under Federal Rule of Civil Procedure 56, made applicable to this proceeding by Bankruptcy Rule 7056, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Kulak v. City of New York*, 88 F.3d 63, 70 (2d Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). In ruling on a motion for summary judgment, the court looks to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," *Celotex*, 477 U.S. at 322 (quoting Fed. R. Civ. P. 56(c)), and reviews the evidence in the light most favorable to the non-moving party, with all inferences drawn in favor of the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

While the initial burden is on the movant to demonstrate the absence of a genuine dispute of material fact with particular cites to the record, *Celotex*, 477 U.S. at 323; *Marvel*, 310 F.3d at 286, the non-moving party cannot defeat summary judgment by merely casting doubt on some of these facts, *see Kulak*, 88 F.3d at 71. The non-moving party must point to disputed facts whose determination would affect the outcome of the case such that a reasonable trier of fact could find

in favor of the non-moving party. *Anderson,* 477 U.S. at 247–48; *Matsushita,* 475 U.S. at 586–87.

Thus, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)). The disputed issues of fact "must be backed by evidence." *Denker v. Uhry*, 820 F. Supp. 722, 729 (S.D.N.Y. 1992), *aff'd*, 996 F.2d 301 (2d Cir. 1993). Self-serving affidavits and statements, standing alone, are insufficient to defeat summary judgment. *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996); *Wojcik v. Brandiss*, 973 F. Supp. 2d 195, 213 (E.D.N.Y. 2013); *see also Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991) ("The defendants' bald assertion, completely unsupported by evidence, did not satisfy their burden; it certainly did not 'present[] a sufficient disagreement to require submission to a jury' as required by Fed. R. Civ. P. 56(c)." (quoting *Anderson*, 477 U.S. at 251–52)). Similarly, an affidavit submitted by the opposing party's attorney that does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight. *See Gatling v. Atlantic Richfield Co.*, 577 F.2d 185, 188 (2d Cir. 1978); *Schiess-Froriep Corp. v. S.S. Finnsailor*, 574 F.2d 123, 126 (2d Cir. 1978).

**Discussion**

A central purpose of the Bankruptcy Code is to allow the "honest but unfortunate debtor" a fresh start. *In re Cacioli,* 463 F.3d 229, 234 (2d Cir. 2006) (quoting *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991)). Accordingly, the denial of discharge is an extremely serious sanction, and § 727 is construed strictly against creditors and liberally in favor of debtors. *Cacioli*, 463 F.3d at 234. Nevertheless, where appropriate, applying § 727(a) to deny a debtor a discharge

may be necessary to protect the integrity of the bankruptcy system. *See In re Kran*, 760 F.3d 206, 211 (2d Cir. 2014).

The privilege of discharge is dependent on a debtor's true presentation of his or her financial affairs, and requires the preservation of written evidence from which present financial condition and business transactions for a reasonable period in the past may be ascertained. *Id.* at 210. When a debtor fails to make such presentation, thereby "threaten[ing] to undermine the just and orderly administration of his bankruptcy," § 727(a) penalizes that debtor's conduct with a denial of discharge. *Id.* at 211 (citing *In re Chalasani*, 92 F.3d 1300, 1311 (2d Cir. 1996).

Here, the Trustee seeks summary judgment denying the Debtor a discharge, pursuant to § 727(a)(4)(A), on the basis that the Debtor has made false oaths with the aim of concealing the 5% Interest. Mem. of Law in Supp. of Summ. J. 7–11, ECF No. 8-1.

Section 727(a)(4) provides, in relevant part: "The court shall grant the debtor a discharge, unless . . .(4) the debtor knowingly and fraudulently, in or in connection with the case . . . (A) made a false oath or account  . . . ." 11 U.S.C. § 727(a)(4)(A).

In order to prevail on a § 727(a)(4)(A) claim, the Trustee must prove by a preponderance of the evidence that: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with intent to deceive; and (5) the statement related materially to the bankruptcy case." *In re Moreo*, 437 B.R. 40, 59 (E.D.N.Y. 2010) (quoting *In re Dubrowsky*, 244 B.R. 560, 572 (E.D.N.Y. 2000)); *see also In re Boyer*, 328 F. App'x 711, 715 (2d Cir. 2009).

Once a plaintiff produces evidence establishing that a false statement within the meaning of § 727(a)(4)(A) was made, the burden shifts to the defendant to provide a credible explanation. *In re Virovlyanskiy*, 485 B.R. 268, 272 (Bankr. E.D.N.Y. 2013), *aff'd*, No. 13 CV 1511 (RJD),

2014 WL 1800411 (E.D.N.Y. May 6, 2014). If the defendant is unable to provide a credible explanation a court may infer fraudulent intent, though the overall burden of proof remains with the plaintiff. *Id.* A false oath sufficient to justify the denial of discharge includes a false statement or omission in a debtor's schedules, or a false statement at a Rule 2004 examination. *In re Kressner*, 206 B.R. 303, 316 (Bankr. S.D.N.Y. 1997) (citing *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992)), *aff'd*, 152 F.3d 919 (2d Cir. 1998).

In New York, a party in possession of property is presumed to be its owner, *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 86 (2d Cir. 2002) ; and when a stock certificate is issued in a party's name, a rebuttable presumption of ownership is created, *Perkins v. Guaranty Tr. Co. of N.Y.*, 274 N.Y. 250, 261 (1937), *reh'g denied*, 274 N.Y. 636 (1937).

In this case the Trustee asserts that the Debtor has made at least four knowing and fraudulent false oaths. First, the Trustee points to the Debtor's SOFA, which the Debtor signed under penalty of perjury. Complaint Ex. A, ECF No. 1-1. Question 18(a) directs a debtor to list information pertaining to any business in which the debtor owned 5% or more of the voting or equity securities within the six years preceding the commencement of the bankruptcy case. Question 10 directs a debtor to list all property which was transferred by the debtor outside the ordinary course within two years preceding the bankruptcy case. The Debtor omitted mention of the 5% Interest in response to both questions. *Id.* Next, the Trustee points to the fact that during the Rule 2004 Examination the Debtor twice categorically denied having ever held the 5% Interest. Complaint Ex. B, ECF No. 1-2.

The Debtor's only explanation for his statements is that the 5% Interest was not the Debtor's to claim because, while he was the legal owner, the equitable interest belonged to Mr.

Chen.[5] Gao Aff. 1–2, ECF No. 82-1, Case. No. 14-42722. However, absent any evidence to substantiate such a claim, it amounts only to the sort of self-serving, "bald assertion" that is insufficient to defeat a claim of summary judgment. *See Crescenzi*, 923 F.2d at 21 (finding the claim that an individual's "name was on the deed solely as an accommodation," unsupported by further evidence, insufficient to create a genuine dispute with respect to an interest in real property). The only other "evidence" supporting the Debtor's account is the affidavit of the Debtor's lawyer, submitted on the basis of "information and belief" in a related adversary proceeding. Aff. in Opp. to Pl.'s Mot. for Partial Summ. J. 1, 4, ECF No. 31, 14-01149. Yet, as noted above, such an affidavit is afforded no weight when defending against a motion for summary judgment. *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983); *see also Gatling*, 577 F.2d at 188 (rejecting a claim made by an attorney "on information and belief" without further factual support). As there is therefore nothing to lend support to the Debtor's explanation, it, standing alone, is insufficient to rebut the presumption that the Debtor was also the equitable owner of the 5% Interest..

Accordingly, upon the record in this case, the prongs articulated in *In re Moreo* are satisfied: (1) the Debtor made the above statements at his Rule 2004 examination under oath and signed his SOFA under penalty of perjury; (2) the statements were false as the Debtor was the owner of the 5% Interest prior to its transfer to AE &LY, as indicated by the Documentary Evidence; (3) the Debtor clearly knew the statements were false as he now concedes that he was the legal owner of the 5% Interest and, among other things, listed both interest income and non-passive losses on account of his interest in 37th Avenue Realty LLC on his 2010–2012 tax

---

[5] The remainder of the Debtor's rebuttal to the Trustee's § 727(a)(4)(A) claim is devoted to addressing a dispute over the whereabouts of $690,000-worth of the $870,000 contract consideration. As this does not directly and immediately impact the question of whether the Debtor made false oaths with regard to his ownership of the 5% Interest, there is no need to consider that argument here. *See* Aff. in Opp. 3–4, ECF No. 82, Case. No. 14-42722.

returns, Rep. Mem. of Law Ex 6, ECF No. 13-2; (4) as the Debtor has failed to offer any credible explanation for the discrepancy, his intent to deceive is appropriately inferred; and (5) the Debtor's false oaths relate materially to the Bankruptcy case, as the 5% Interest was worth $870,000 according to the contract with AE & LY. R. 7056-1 Stat. Ex E to Ex. 5, ECF No. 9-5.

Therefore, in light of the above discussion, the Trustee's motion for summary judgment with respect to his § 727(a)(4)(A) claim is granted. The Trustee's additional claims need not be considered, as granting summary judgment on the § 727(a)(4)(A) claim is sufficient to deny the Debtor a discharge.

## Conclusion

For the foregoing reasons, the Trustee's motion for summary judgment on his § 727(a)(4)(A) claim is granted, and the Debtor is denied a discharge in this case. A separate order will issue.



Dated: September 30, 2016  
Brooklyn, New York

Nancy Hershey Lord  
United States Bankruptcy Judge

8